# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **IB ROOF SYSTEMS, INC.,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 2:20-cv-01519-RDP** |
| } | |
| **FOUR HEARTS, LLC d/b/a ADVANCED** } | |
| **ROOFING & METALWORKS et al.,** } | |
| } | |
| **Defendants.** } | |

## **MEMORANDUM OPINION**

This case is before the court on Plaintiff IB Roof Systems, Inc.'s Motion for Entry of Default and Default Judgment against Defendants Four Hearts, LLC d/b/a Advanced Roofing & Metal Works ("Advanced") and James D. Butters. (Doc. # 5). The Clerk of Court entered default against Defendants on November 10, 2020. (Doc. # 6). Plaintiff now seeks a Rule 55(b) default judgment for the full relief sought in the Complaint (Doc. # 1) in the following amounts:

1. $106,487.96, which was improperly retained by Defendants;

2. Prejudgment interest as provided for in the contract at a rate of twelve percent (12%) per year as set forth in the parties' agreement ($17,119.76);

3. A reasonable attorney fee as provided for in the contract of 20% of the outstanding amount ($24,721.54).

(Doc. # 5 at 3).

For the reasons explained below, Plaintiff's Motion for Default Judgment (Doc. # 5) is due to be granted.

**I.     Background**

IB Roof provides roofing materials and roofing membrane systems to roofing contractors. (Doc. # 1 ¶19). Advanced is a roofing contractor (*Id.* ¶20) and was a customer of IB Roof. (*Id.* ¶21). As a part of an arrangement between IB Roof and Advanced, Advanced agreed to the terms of the IB Roof "Credit Sales Policy" and "Terms and Conditions." (*Id.* ¶22). The Credit Sales Policy provides that any overdue or past-due amounts due to IB Roof from Advanced are subject to interest charges at the rate of 12% per year or 1% per month. (*Id.* ¶23). The Credit Sales Policy further provides for the recovery by IB Roof of any attorney fees or costs incurred in collecting any overdue or past-due amounts. (*Id.* ¶24).

IB Roof set up systems with its customers whereby IB Roof would directly debit amounts due to IB Roof from its customer through the customer's bank account via ACH. (*Id.* ¶25). IB Roof had multiple customers with the name "Advanced Roofing" or a similar name. (*Id.* ¶26). Based on the similar names, IB Roof unintentionally debited the account of Advanced on July 8, 2019 in the amount of $106,487.96. (*Id.* ¶27). Upon discovery of this error on that same date, IB Roof informed Advanced of the error. (*Id.* ¶28). IB Roof informed Advanced that IB Roof would return the $106,487.96. (*Id.* ¶29). IB Roof initiated the reversal of this transaction the following day, July 9, 2019. (*Id.* ¶30). On July 9, 2019, IB Roof's account was debited in the amount of $106,487.96 and this amount was paid to Advanced's account to reflect the reversal of the incorrect debit of Advanced's account. (*Id.* ¶31). However, on July 8, 2019, Advanced apparently placed a "stop" on the July 8, 2019 debit by IB Roof after being informed of the error by IB Roof. (*Id.* ¶32). On July 11, 2019, because IB Roof requested that its bank "reverse" the incorrect debit of Advanced's bank account, the account of IB Roof was again debited in the amount of $106,487.96 and that amount was credited to Advanced's account. (*Id.* ¶33). IB Roof pursued a reversal of the

double-debit with its bank and Advanced's bank. (*Id.* ¶34). Advanced did not reach a satisfactory resolution with the banks. (*Id.* ¶35). Both banks stated that both debits of $106,487.96 from IB Roof's account were credited to the account of Advanced. (*Id.* ¶36). Accordingly, IB Roof seeks to recover the second, inadvertent debit of $106,487.96 from Advanced. (*Id.* ¶37). IB Roof pursued the return of the $106,487.96 from Advanced for multiple months but Advanced refused to return the $106,487.96 or acknowledge its receipt of those funds. (*Id.* ¶38).

On October 1, 2020, IB Roof filed this action. (Doc. # 1). IB Roof served the summons and complaint upon Defendants on October 13, 2020. (Docs. #3 and #4). Defendants are neither minors nor incompetent persons. (Doc. # 5-1 ¶¶ 4-5). Although Defendants were required to file a response to the complaint on or before November 3, 2020 (*Id.*), Defendants failed to either file a response with the court or serve an answer on counsel for IB Roof. (Doc. # 5-1 ¶6). Because Defendants failed to file a timely answer with the court as required by the Federal Rules of Civil Procedure, the Clerk of the Court entered default against Defendants. (Doc. # 6). Now pending before the court is Plaintiff's Motion for Default Judgment. (Doc. # 5).

**II.      Analysis**

Rule 55(b) states in relevant part:

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The

>court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>(A) conduct an accounting;
>
>(B) determine the amount of damages;
>
>(C) establish the truth of any allegation by evidence; or
>
>(D) investigate any other matter.

Fed. R. Civ. P. 55(b). If the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

Although this court permits the Clerk of Court to enter default when appropriate pursuant to Rule 55(a), it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default judgment for the discretion of the particular judge to which the case is assigned, even in those circumstances that Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Thus, Plaintiff's Motion for Default Judgment (Doc. # 5) in this case is properly before the undersigned.

The court finds the requirements of Rule 55(b)(2) are satisfied in this case. Defendants were served with the Complaint and Summons on October 13, 2020 by process server. (Docs. # 3 and 4). Defendants failed to plead, answer, or otherwise defend as to the Complaint by November

3, 2020, and they have filed no answer or responsive pleading to date. (*See generally* Docket Sheet). The Clerk of Court entered default as to Defendants on November 10, 2020. (Doc. # 6).

The court further finds that Plaintiff has established that it is entitled to a default judgment against Defendants Four Hearts, LLC d/b/a Advanced Roofing & Metal Works and James D. Butters on the Breach of Contract, Conversion, and Unjust Enrichment claims in the Complaint. Under Alabama law, the elements of a breach of contract claim are "(1) the existence of a valid contract binding the parties in the action, (2) the plaintiff's own performance under that contract, (3) the defendant's nonperformance, and (4) damages." *Baldwin v. Panetta*, 4 So. 3d 555, 561 (Ala. Civ. App. 2008) (quoting S. *Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995)). In light of the admitted allegations in the Complaint, the court finds that Plaintiff has established (1) the existence of a valid contract binding Plaintiff and Defendant Advanced, of which Butters is the sole member, (2) Plaintiff's performance under that contract, (3) Defendants' nonperformance under the contract, and (4) damages suffered by Plaintiff as a result of nonperformance.(Docs. # 1, 5-1). The court further finds that the admitted allegations in the Complaint further establish that Defendants improperly retained the sums at issue.

The case law is clear that a judgment by default may only be entered without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted). Damages may be awarded if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citations omitted). With its current Motion (Doc. # 5), Plaintiff has provided the court with a detailed affidavit which incorporates (and authenticates) supporting documents and establishes the necessary facts

regarding the amount due and owing because it was improperly retained. (Docs. # 1, 5-1). Therefore, Plaintiff is entitled to the following judgments:

    1.    $106,487.96, which was improperly retained by the Defendants; and

    2.    Prejudgment interest as provided for in the contract at a rate of twelve percent (12%) per year as set forth in the parties' agreement ($17,119.76).

(Doc. # 5 at 3).

Pursuant to the contract, Plaintiff also seeks an award of reasonable attorney's fees against Defendants. (Doc. # 13-1 at 6). Alabama law allows a party to recover attorney's fees as damages if such fees are provided for by statute, contract, or special equity. *Jones v. Regions Bank*, 25 So. 3d 427, 441 (Ala. 2009). Alabama courts apply twelve criteria when analyzing the reasonableness of an attorney's fee:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

*Van Schaack v. AmSouth Bank, N.A.*, 530 So. 2d 740, 749 (Ala. 1988).

Here, Plaintiff has submitted an affidavit from John W. Clark, IV, an attorney familiar with the fees customarily charged in this community for similar business litigation by lawyers of comparable skill and experience. (Doc. # 5-1 at 5-6). Mr. Clark attested that 20% of the amount to be collected is a fair and reasonable fee for the type of work performed in this case. (*Id.*). In giving this opinion, among other relevant factors, Mr. Clark has relied primarily upon factor #8, whether the fee is fixed or contingent (it is contingent), and factor #10, the fee customarily charged in the locality for similar legal services. *See Pharmacia Corp. v. McGowan*, 915 So. 2d 549, 554 (Ala.

2005). In light of this affidavit and the relevant factors, the court will grant Plaintiff's request for an attorney's fee judgment of 20% of the outstanding amount, or $24,721.54.

### III.     Conclusion

For the reasons explained above, Plaintiff's Motion for Default Judgment (Doc. # 5) is due to be granted. The court will award Plaintiff the amount improperly retained by Defendants, along with post-judgment interest. The court also will award Plaintiff a reasonable attorney's fee against Defendants. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this December 14, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE